[Cite as *State v. Gopar*, 2022-Ohio-695.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 110648 |
| v. | : | |
| MARIO GOPAR, | : | |
| Defendant-Appellant. | : | |

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** March 10, 2022

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-20-651803-A

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Glen Ramdhan, Assistant Prosecuting Attorney, *for appellee.*

Cullen Sweeney, Cuyahoga County Public Defender, and Robert B. McCaleb, Assistant Public Defender, *for appellant.*

FRANK D. CELEBREZZE, JR., P.J.:

{¶ 1} Defendant-appellant Mario Gopar brings this appeal challenging his indefinite sentence with a minimum prison term of five years and a maximum prison term of seven and one-half years for sexual battery and gross sexual

imposition. Appellant argues that the trial court erred in imposing an indefinite prison sentence because the Reagan Tokes Law is unconstitutional. After a thorough review of the record and law, this court affirms.

## I. Factual and Procedural History

{¶ 2} The instant appeal arose from several sexual offenses appellant committed against victim M.G. (d.o.b. December 22, 2009) between January 2017 and July 2020. Appellant was ultimately arrested on July 18, 2020.

{¶ 3} On July 28, 2020, a Cuyahoga County Grand Jury returned a 17-count indictment charging appellant with ten counts of rape, first-degree felonies in violation of R.C. 2907.02(A)(1)(b) (Counts 1, 2, 4, 5, 7, 8, 10, 11, 13, and 14), and seven counts of gross sexual imposition, third-degree felonies in violation of R.C. 2907.05(A)(4) (Counts 3, 6, 9, 12, 15, 16, and 17). The rape offenses contained a furthermore clause alleging that appellant "purposely compelled the victim, who was under thirteen years of age but ten years of age or older at the time of the commission of the offense * * * to submit by force or threat of force." Appellant pled not guilty to the indictment during his July 31, 2020 arraignment.

{¶ 4} The parties reached a plea agreement during pretrial proceedings. On June 15, 2021, appellant pled guilty to amended Counts 2 and 14, sexual battery, second-degree felonies in violation of R.C. 2907.03(A)(5), and three counts of gross sexual imposition, third-degree felonies in violation of R.C. 2907.05(A)(4) (Counts 3, 15, and 17). The remaining counts were nolled. The trial court proceeded immediately to sentencing.

{¶ 5} The trial court advised appellant that the Reagan Tokes Law applied to Count 14.[1] The trial court imposed an aggregate indefinite prison sentence with a minimum prison term of five years and a maximum prison term of seven and one-half years. The trial court issued a nunc pro tunc sentencing entry on August 9, 2021, to accurately reflect that the sexual battery offenses on Counts 2 and 14 were second-degree felonies.

{¶ 6} Appellant filed the instant appeal on July 12, 2021, challenging the trial court's sentence. Appellant assigns one error for review:

> I. The trial court violated [appellant's] constitutional rights by imposing a Reagan Tokes Sentence, under S.B. 201.

## II. Law and Analysis

{¶ 7} In his sole assignment of error, appellant argues that the Reagan Tokes Law is unconstitutional. Appellant contends that this court should adopt and apply the holdings from *State v. Delvallie*, 2021-Ohio-1809, 173 N.E.3d 544 (8th Dist.), *State v. Seeley*, 2021-Ohio-1949, 173 N.E.3d 894 (8th Dist.), and *State v. Daniel*, 2021-Ohio-1963, 173 N.E.3d 184 (8th Dist.).

{¶ 8} This court has recently conducted en banc review of the constitutionality of the Reagan Tokes Act. *See State v. Delvallie*, 8th Dist. Cuyahoga No. 109315, 2022-Ohio-470. In *Delvallie*, this court overruled the challenges

---

[1] The Reagan Tokes Law became effective on March 22, 2019. The offense date charged in Count 14 was "[o]n or about December 22, 2019 to March 21, 2020." The offense date charged in Count 2, however, was "[o]n or about January 1, 2017 to December 31, 2017." Accordingly, appellant committed the offense charged in Count 2 prior to the effective date of Reagan Tokes.

presented in this appeal to the constitutionality of the Reagan Tokes Act (enacted through S.B. 201), and vacated *Delvallie*, 2021-Ohio-1809, 173 N.E.3d 544, *Seeley*, and *Daniels*.

**{¶ 9}** Pursuant to *Delvallie*, 8th Dist. Cuyahoga No. 109315, 2022-Ohio-470, appellant's sole assignment of error is overruled.

**{¶ 10}** Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

FRANK D. CELEBREZZE, JR., PRESIDING JUDGE

LISA B. FORBES, J., and
MARY J. BOYLE, J., CONCUR

N.B.  Judge Lisa B. Forbes is constrained to apply *Delvallie*.  For a full explanation, *see State v. Delvallie*, 8th Dist. Cuyahoga No. 109315, 2022-Ohio-470 (Forbes, J., dissenting).